# United States Court of Appeals for the Federal Circuit

2008-3144

MARK S. LEIGHTON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Mark S. Leighton, of Chesapeake, Virginia, pro se.

David F. D'Alessandris, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeffrey S. Bucholtz, Acting Assistant Attorney General; Jeanne E. Davidson, Director; and Kenneth M. Dintzer, Assistant Director.

Appealed from: Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2008-3144

MARK S. LEIGHTON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DC844E070767-I-1.

_____

DECIDED:  June 17, 2008

_____

Before MAYER, RADER and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

Mark S. Leighton appeals the final decision of the Merit Systems Protection Board, <u>Leighton v. Office of Pers. Mgmt.</u>, No. DC-844E-07-0767-I-1 (M.S.P.B. Jan. 24, 2008), holding that the Office of Personnel Management ("OPM") properly computed Leighton's Federal Employees' Retirement System ("FERS") disability retirement annuity.  Because the board correctly sustained OPM's reasonable interpretation of the relevant statutes, we affirm.

BACKGROUND

Leighton sustained work-related injuries to his neck, spine and knees while working with the Naval Special Warfare Training Group in Virginia Beach, Virginia. The Social Security Administration ("SSA") determined that Leighton had become disabled as of November 18, 2003, and granted him monthly disability benefits. At the time, he was also receiving compensation for lost wages from the Office of Workers' Compensation Programs ("OWCP").

Leighton subsequently applied for, and was granted, a FERS disability retirement annuity. Since concurrent receipt of OWCP wage loss compensation and FERS disability retirement benefits is generally prohibited, OPM suspended payment of Leighton's FERS benefits. Effective October 29, 2006, Leighton qualified to receive a monthly OWCP "schedule award" based upon the permanent impairment of his upper extremities. Because he was now receiving a scheduled workers' compensation award, rather than OWCP compensation for wage loss, he became eligible to collect his FERS retirement disability annuity.

As of November 2006, Leighton was receiving $3,491.00 per month from his OWCP schedule award. As of December 2006, Leighton was eligible for SSA disability payments of $1,855.00 per month. Under 42 U.S.C. § 424(a), however, these SSA payments were required to be offset by the OWCP schedule award, and were thus reduced to $175.00 per month.

When OPM began paying Leighton his FERS disability annuity, it reduced the amount of the annuity by the full amount of his SSA disability benefit, before the SSA benefit was reduced based on Leighton's receipt of OWCP payments. Leighton

contacted OPM, challenging its methodology for calculating his disability retirement benefits. In an initial decision, dated June 6, 2007, OPM denied Leighton's request to have his annuity recalculated. Leighton sought reconsideration, but in a final decision, dated June 28, 2007, OPM again rejected his request for recalculation of his disability retirement annuity.

Leighton then appealed to the board, arguing that his FERS annuity should have been reduced by the amount of SSA benefits he actually received, rather than the gross SSA benefits to which he was entitled before deductions for OWCP compensation. In an initial decision, the administrative judge rejected Leighton's argument, concluding that the plain language of 5 U.S.C. § 8452(a)(2)(B) requires that the reduction in the FERS disability annuity be calculated based upon the full amount of SSA benefits, prior to reductions for OWCP compensation. On January 24, 2008, the full board denied Leighton's petition for review, making the administrative judge's initial decision the final decision of the board. Leighton then timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We conclude that the board correctly affirmed OPM's decision to calculate Leighton's FERS disability retirement annuity based upon the SSA benefits to which he was entitled before any adjustments for OWCP compensation. OPM's methodology for calculating FERS disability annuity payments is based upon a reasonable interpretation of the language of the relevant statutes and serves to avoid payment of duplicate benefits.

The computation of a FERS disability annuity is governed by 5 U.S.C. § 8452, which, in relevant part, provides:

> (2)(A) For any month in which an annuitant is entitled both to an annuity under this subchapter as computed under paragraph (1) and to a disability insurance benefit under section 223 of the Social Security Act, the annuitant's annuity for such month (as so computed) shall—
> . . . .
>
> (ii) if such month occurs other than during a period referred to in paragraph (1)(A)(i), be reduced by 60 percent of the annuitant's assumed disability insurance benefit for such month;
> . . . .
>
> (a)(2)(B)(i) For purposes of this paragraph, <u>the assumed disability insurance benefit of an annuitant for any month shall be equal to--</u>
>
> (I) <u>the amount of the disability insurance benefit to which the annuitant is entitled under section 223 of the Social Security Act</u> for the month in which the annuity under this subchapter commences, or is restored, or, if no entitlement to such disability insurance benefits exists for such month, the first month thereafter for which the annuitant is entitled both to an annuity under this subchapter and disability insurance benefits under section 223 of the Social Security Act . . . .

(Emphasis added).

Thus, by its express terms 5 U.S.C. § 8452 requires that the FERS disability annuity be reduced by "60 percent of the annuitant's assumed disability insurance benefit" after the first year in which the annuitant is entitled to both a FERS disability annuity and an SSA disability insurance benefit. The assumed SSA "disability benefit" is defined as "the amount of the disability insurance benefit to which the annuitant is entitled under section 223 of the Social Security Act."[1] 5 U.S.C. § 8452(a)(2)(B)(i)(I). Under section 223 of the Social Security Act, Leighton is entitled to an SSA disability benefit of $1,855.00 per month. Thus, under the plain language of the statute, OPM

---

[1] Section 223 of the Social Security Act is codified at 42 U.S.C. § 423.

correctly used $1,855.00 as the amount of Leighton's SSA benefit for purposes of computing Leighton's FERS disability retirement annuity.

Leighton argues, however, that his FERS disability annuity should be reduced by the amount he is entitled to under section 223 of the Social Security Act, only after that amount has been reduced by the deductions required under section 224 of the Act. Section 224 provides for a reduction in SSA benefits if an annuitant also receives OWCP payments.[2] Thus, although Leighton is entitled to $1,885.00 per month under section 223, his actual payment is reduced to $175 because section 224 offsets OWCP payments against SSA benefits.

---

[2] Section 224 of the Social Security Act is codified at 42 U.S.C. § 424a. In relevant part, it provides:

If for any month prior to the month in which an individual attains the age of 65—

(1) such individual is entitled to benefits under [section 223 of the Social Security Act, 42 U.S.C. § 423], and

(2) such individual is entitled for such month to—

(A) periodic benefits on account of his or her total or partial disability (whether or not permanent) under a workmen's compensation law or plan of the United States or a State, or

(B) periodic benefits on account of his or her total or partial disability (whether or not permanent) under any other law or plan of the United States . . . other than . . . (iv) benefits under a law or plan of the United States based on service all or substantially all of which is employment as defined in [42 U.S.C. § 410],

the total of his benefits under section 223 for such month . . . shall be reduced (but not below zero) by [the formula specified in paragraphs (a)(3)-(8)].

As the board correctly noted, the statute used to compute FERS disability annuities refers to SSA payments as computed under section 223 of the Social Security Act, not under section 224. See 5 U.S.C. § 8452(a)(2). OPM, therefore, reasonably calculated the amount to be deducted from Leighton's FERS disability annuity based upon section 223, without considering the deductions required under section 224. Had Congress wanted OPM to take section 224 adjustments into account when calculating FERS disability retirement annuities, it could have stated so explicitly. See United States v. Missouri Pac. R.R., 278 U.S. 269, 278 (1929) ("[W]here the language of an enactment is clear and construction according to its terms does not lead to absurd or impracticable consequences, the words employed are to be taken as the final expression of the meaning intended.").

Leighton's argument on appeal is centered on the meaning of the word "entitled" as used in section 223. While Leighton acknowledges that his FERS annuity must be reduced by the amount of SSA payments to which he is entitled, he argues that he is only "entitled" to $175 per month in SSA benefits because that is the amount of monthly SSA benefits he actually receives.

Leighton's argument is not frivolous. He is understandably chagrined that he is deemed "entitled" to SSA payments that he does not, in fact, receive. This somewhat anomalous result stems from the complex interplay between the FERS, SSA and OWCP programs. OPM has reasonably interpreted the plain language of 5 U.S.C. § 8452 to require it to reduce Leighton's FERS disability annuity payments by the full amount of social security benefits to which he is entitled under section 223 of the Social Security Act. Then, under section 224 of the Act, the SSA reduces Leighton's SSA

benefits to account for the OWCP benefits that Leighton receives. <u>See</u> 42 U.S.C. § 424a.

OPM's interpretation of the FERS disability annuity provision is in accord with the plain intent of section 224, which is designed to prevent claimants from receiving duplicate OWCP and SSA disability payments. <u>See, e.g.</u>, <u>Olson v. Apfel</u>, 170 F.3d 820, 822 (8th Cir. 1999) ("The offset statute reflects Congress's concern that recovery of overlapping worker's compensation and social security disability benefits decreases an injured worker's incentive to seek rehabilitation and further employment."). Using Leighton's proposed interpretation, the requirement, under section 224, that OWCP benefits be offset in part against social security benefits provided under section 223 would be effectively nullified. Under Leighton's approach, although section 224 requires an offset for OWCP benefits, this OWCP offset would be "restored" when the FERS annuity was increased to reflect the reduced SSA benefits.[3]

---

[3] In its brief, the government provides a useful example of how Leighton's proposed approach would nullify the section 424a OWCP offset provisions:

> For example, assume, first, a FERS disability annuitant was entitled to $100 per month in SSA disability benefits, but this amount was reduced to $10 per month, due to the concurrent receipt of an OWCP scheduled award. Further assume that the annuitant is entitled to a FERS annuity of $200. During the first year of eligibility for FERS disability annuity benefits, his FERS annuity would be reduced by $100. Thus, the annuitant would collect a $100 FERS annuity, plus a $10 SSA disability benefit. The annuitant's SSA disability benefit still would be offset by $90 due to his OWCP benefit.

> Pursuant to Mr. Leighton's interpretation, the annuitant's FERS benefits would only be reduced by $10. The FERS annuitant would still collect $10 from the SSA, but would regain through his FERS annuity the entire $90 reduction in his SSA disability benefit. Thus, under Mr. Leighton's interpretation, the annuitant would

More than a decade ago, the board fully considered the issue presented here. Johnston v. Office of Pers. Mgmt., 70 M.S.P.R. 109 (M.S.P.B. 1996), aff'd No. 96-3231, 1996 U.S. App. LEXIS 27395 (Fed. Cir. Oct. 22, 1996). The board concluded that the plain language of 5 U.S.C. § 8452(a)(2)—and the legislative history surrounding its enactment—support a reduction in the FERS disability annuity based on the SSA disability benefit as determined under section 223 of the Social Security Act. Id. at 113-14 (The "scant" legislative comments regarding the application of FERS disability retirement annuity benefits to SSA benefits "tend to indicate that Congress desired to reduce the FERS disability annuity by the full amount of the social security disability insurance benefit to which the appellant is entitled, as computed by the SSA under 42 U.S.C. § 423."). This SSA disability benefit must be determined before the SSA applies any offsets for OWCP compensation in order "to avoid any duplicate payments." Id. at 117. The board explained:

> [T]he plain language of the statute requires a 100% reduction based upon the full social security disability insurance entitlement. The Social Security component is the largest component of FERS. It appears reasonable that any deductions required would be from the primary component and would be by the SSA from the full amount of the social security disability insurance benefit. The FERS disability annuity is offset by the unreduced social security disability insurance amount to avoid any duplicate payments.

Id.

Leighton seeks to distinguish Johnston by arguing that the SSA reduced Johnston's SSA disability benefit based on her receipt of OWCP compensation for wage

_____

receive the OWCP benefit, as well as $200. Under [the government's] interpretation, the annuitant would properly receive the OWCP benefit and $110, which gives meaning to [the] $90 offset required by the Social Security regulations.

loss, while his disability benefit was reduced because of an OWCP schedule award. There is, however, nothing in the FERS disability annuity statute which would warrant treating OWCP wage loss and schedule awards differently for purposes of computing the SSA benefits which must be deducted from the FERS disability annuity. See 5 U.S.C. § 8452(a)(2).

OPM's interpretation of the FERS disability annuity statute, 5 U.S.C. § 8452, is reasonable because it comports with the plain language of the statute and serves to avoid payment of duplicate benefits. Accordingly, the board's decision sustaining OPM's determination to calculate Leighton's FERS disability annuity payments based upon the full amount of SSA benefits to which he was entitled under 42 U.S.C. § 423 is correct.

### AFFIRMED