# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GUADALUPE CASAREZ,<br>     Appellant, | DOCKET NUMBER<br>SF-0845-19-0563-I-1 |
|   v. | |
| OFFICE OF PERSONNEL<br>  MANAGEMENT,<br>     Agency. | DATE: May 31, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Guadalupe Casarez, Downey, California, pro se.

Carla Robinson, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) finding that she received an overpayment of $61,531.00 in disability retirement annuity benefits under the Federal Employees' Retirement System (FERS) and that she is not eligible for a waiver of the overpayment or an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

adjustment of the recovery schedule. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis regarding the appellant's argument that OPM miscalculated the overpayment and the issue of whether she is entitled to an adjustment of the recovery schedule, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

As properly set forth in the initial decision, OPM bears the burden of proving by preponderant evidence[2] the existence and amount of an annuity overpayment. Initial Appeal File (IAF), Tab 11, Initial Decision (ID) at 4; *see* 5 C.F.R. § 845.307(a). An appellant bears the burden of proving by substantial evidence[3] that she is entitled to a waiver of the overpayment or an adjustment of

---

[2] Preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

[3] Substantial evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p). This is a lower standard of proof than preponderance of the evidence. *Id.*

the recovery schedule. ID at 4-5; *see Dorrello v. Office of Personnel Management*, 91 M.S.P.R. 535, ¶ 7 (2002); 5 C.F.R. § 845.307(b).

We affirm the administrative judge's findings that OPM proved the existence and amount of the overpayment, as modified to supplement her analysis regarding the appellant's argument that OPM miscalculated the overpayment.

On petition for review, the appellant does not challenge, and we discern no basis to disturb, the administrative judge's finding that OPM proved the existence of the overpayment at issue that occurred as a result of the appellant's entitlement to disability insurance benefits from the Social Security Administration (SSA) during the period from November 2014 through February 2018. Petition for Review (PFR) File, Tab 1 at 1-2; ID at 3, 5-7; *see* 5 U.S.C. § 8452(a)(2); *Maxwell v. Office of Personnel Management*, 78 M.S.P.R. 350, 355 (1998), *overruled on other grounds by Conner v. Office of Personnel Management*, 120 M.S.P.R. 670 (2014); *Johnston v. Office of Personnel Management*, 70 M.S.P.R. 109, 112-17, *aff'd*, 99 F.3d 1160 (Fed. Cir. 1996) (Table). Instead, the appellant challenges the administrative judge's finding that OPM proved the amount of the overpayment, reasserting her argument that the overpayment should be reduced for the following reasons: (1) the SSA offset her SSA benefits based on her entitlement to workers' compensation benefits from the Office of Workers' Compensation Programs (OWCP) during the period from November 2014 through January 2015, and she did not actually receive such OWCP benefits; and (2) OPM improperly

withheld the cost of health insurance premiums from her FERS annuity.[4]  PFR File, Tab 1 at 1-2; IAF, Tab 1 at 9-10, Tab 6 at 2-3; ID at 6-7.

The administrative judge addressed, but was not persuaded by, the appellant's argument because she found that OPM's evidence of its calculation of the overpayment reflects that OPM did not rely on the appellant's OWCP benefits or consider any deductions for her health insurance.  ID at 6-7.  Thus, the administrative judge essentially concluded that the appellant failed to rebut OPM's evidence proving that it correctly calculated the overpayment.  *Id.* Although we agree with that conclusion, we modify the initial decision as follows to supplement the administrative judge's analysis regarding the appellant's argument that OPM miscalculated the overpayment.

First, we will address the appellant's claim that OPM failed to consider that the SSA offset her SSA benefits during the period from November 2014 through January 2015 based on her entitlement to OWCP benefits that she did not actually receive.  PFR File, Tab 1 at 1; IAF, Tab 6 at 3.  If, during any month within the first year after an annuitant becomes entitled to a FERS disability retirement annuity, she also is entitled to SSA benefits, her FERS annuity for such month must be reduced by 100% of her "assumed disability insurance benefit" for that month.  5 U.S.C. § 8452(a)(1)(A)(i), (a)(2)(A)(i); *see Maxwell*, 78 M.S.P.R.

---

[4] With her petition for review, the appellant has resubmitted documentation that was a part of the record before the administrative judge.  *Compare* PFR File, Tab 1 at 3-4, 10-11, 13-14, 16, 21-25, *with* IAF, Tab 1 at 18-19, 21-22, Tab 5 at 19-20, 25-26, 56-58, Tab 6 at 6.  Further, the appellant has included additional documentation for the first time on review.  PFR File, Tab 1 at 5-9, 12, 15, 17-20, 26.  The appellant has failed to explain why, despite her due diligence, she was unable to submit such evidence prior to the close of the record before the administrative judge.  *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).  Even considering such additional documentation, however, we find that it does not change the outcome of this appeal.  *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (observing that the Board generally will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

at 355; *Johnston*, 70 M.S.P.R. at 113. The U.S. Court of Appeals for the Federal Circuit has interpreted the "assumed disability insurance benefit" to mean the full amount of SSA benefits to which an annuitant is entitled under section 223 of the Social Security Act (codified at 42 U.S.C. § 423) before any adjustments for OWCP benefits. *Leighton v. Office of Personnel Management*, 529 F.3d 1071, 1073 & n.1, 1074-76 (Fed. Cir. 2008); *see* 5 U.S.C. § 8452(a)(2)(B)(i)(I).

Here, the appellant submitted an OWCP letter documenting her entitlement to workers' compensation benefits during the period from November 2014 through January 2015. IAF, Tab 1 at 18-19. She further submitted an SSA letter documenting her entitlement to SSA benefits beginning in August 2014. *Id.* at 20. The SSA explained in its letter that it was reducing the appellant's monthly SSA benefits based on her workers' compensation payment during the period from November 2014 through January 2015, and that it was paying her SSA benefits at the full rate beginning in February 2015. *Id.* The appellant has submitted on review additional SSA documentation suggesting that she became entitled to approximately $2,132 in monthly SSA benefits beginning in August 2014 until her SSA benefits were reduced for workers' compensation payments from November 2014 through January 2015, and that her SSA benefits increased from February 2015. PFR File, Tab 1 at 5. The dates and amounts of SSA benefits described in such SSA documentation are consistent with those contained in OPM's submission of an "SSA Response Screen." *Compare id.*, *with* IAF, Tab 5 at 19. Considering the evidence described above as a whole, we find that it is more likely than not that, before the SSA reduced the appellant's SSA benefits based on her OWCP benefits, she was entitled to $2,132 of monthly SSA benefits during the period from November 2014 through January 2015.

Moreover, because that 3-month period occurred within the first year after the appellant's entitlement to FERS annuity benefits commenced in November 2014, OPM was required to reduce her FERS annuity for those 3 months by 100% of the SSA benefits to which she was entitled during that

period. IAF, Tab 5 at 11; *see* 5 U.S.C. § 8452(a)(1)(A)(i), (2)(A)(i). OPM's evidence of its calculation of the overpayment reflects that, from November 2014 through January 2015, OPM used an "old" monthly FERS annuity rate of $3,990 and a "new" monthly rate of $1,858. IAF, Tab 5 at 32. Thus, it is apparent that OPM reduced the "old" monthly rate by $2,132 to get the "new" monthly rate. *Id.* Based on the foregoing, we find that OPM correctly reduced the appellant's FERS annuity for the period from November 2014 through January 2015 by 100% of the full amount of SSA benefits to which she was entitled during that period (i.e., $2,132 per month), notwithstanding the offset of her SSA benefits for OWCP benefits that she allegedly did not receive. *See, e.g.*, *Leighton*, 529 F.3d at 1073, 1076.

Next, we will address the appellant's claim that OPM improperly withheld the cost of health insurance premiums from her FERS annuity. PFR File, Tab 1 at 1-2; IAF, Tab 1 at 9-10. A FERS disability retirement annuity is calculated pursuant to 5 U.S.C. § 8452(a) as a percentage of an annuitant's "average pay." The term "average pay" means "the largest annual rate resulting from averaging an employee's or Member's rates of basic pay in effect over any 3 consecutive years of service." 5 U.S.C. § 8401(3). This is known as the "high-3" average pay. *Nichol v. Office of Personnel Management*, 108 M.S.P.R. 286, ¶ 13 (2008). The term "basic pay" is defined as including certain types of pay but excluding bonuses, allowances, overtime pay, and military pay. 5 U.S.C. §§ 8401(4), 8331(3). OPM's regulations define "basic pay" as "the pay an employee receives that is subject to deductions under FERS." 5 C.F.R. § 844.102. Based on these statutes and regulations, we discern no requirement for OPM to consider any deductions for health insurance in calculating the appellant's FERS annuity for purposes of determining the overpayment amount. Indeed, OPM's evidence of its calculation of the overpayment expressly states, "These are GROSS rates and may be more than the amount you actually received due to deductions for health benefits, life insurance, tax, etc." IAF, Tab 5 at 32 (emphasis in original).

Moreover, the appellant does not dispute OPM's determination that her "high-3" average salary is $79,815. *Id.* at 11, 45, 52. Therefore, we find that OPM correctly used gross rates without considering any deductions for health insurance in calculating the amount of the overpayment.

The Board's jurisdiction over final decisions of OPM in administering FERS derives from 5 U.S.C. § 8461(e)(1), which provides that "an administrative action or order affecting the rights or interests of an individual . . . under the provisions of this chapter administered by [OPM] may be appealed to the [Board]." *Fletcher v. Office of Personnel Management*, 118 M.S.P.R. 632, ¶ 7 (2012). The Board has interpreted the plain language of 5 U.S.C. § 8461(e)(1) as meaning that the Board's authority under that provision extends only to OPM actions or orders that adversely affect an individual's rights or interests under FERS. *Fletcher*, 118 M.S.P.R. 632, ¶ 7. The Federal Circuit has rejected the argument that any reduction in a retiree's annuity payments affects the rights or interests of the annuitant under the retirement statute and therefore is reviewable by the Board. *Miller v. Office of Personnel Management*, 449 F.3d 1374, 1379-80 (Fed. Cir. 2006). The court found that this theory would give the Board very broad authority over a wide variety of substantive claims simply because of the mechanism used to collect the obligations stemming from the claims, contrary to Congressional intent. *Id*. Therefore, to the extent the appellant is contesting the SSA's offset of her SSA benefits for OWCP benefits and OPM's withholding for health insurance premiums, these issues are beyond the scope of our review of OPM's reconsideration decision. *See, e.g., Hudson v. Office of Personnel Management*, 114 M.S.P.R. 669, ¶¶ 2, 10 (2010) (finding that the Board could not consider the merits of the appellant's claim that he was entitled to a refund from OPM for an overcharge of health insurance premiums).

We affirm the administrative judge's finding that the appellant failed to establish her entitlement to a waiver of the overpayment.

In addition, the appellant challenges the administrative judge's finding that she failed to establish her entitlement to a waiver of the overpayment because, although she was without fault in causing the overpayment, recovery of the overpayment is not against equity and good conscience. PFR File, Tab 1 at 1-2; ID at 7-10. In particular, the appellant reasserts her claim that she was unaware of the overpayment. PFR File, Tab 1 at 1; IAF, Tab 1 at 9, Tab 6 at 2-3. However, we discern no reason to disturb the administrative judge's finding that the appellant was aware when she received payment of retroactive SSA benefits in June 2018 that she was required to set aside that payment to repay OPM. ID at 9. Thus, the administrative judge properly applied the set-aside rule, which required the appellant to show exceptional circumstances warranting waiver of the overpayment. ID at 8-9; *see Dorrello*, 91 M.S.P.R. 535, ¶ 7 (observing that, if an appellant is aware of the set-aside requirement, the collection of the overpayment cannot be waived absent exceptional circumstances). The appellant's reassertion on review that she had to borrow money due to the lengthy delay in receiving her FERS annuity does not describe exceptional circumstances. PFR File, Tab 1-2; IAF, Tab 1 at 10, Tab 6 at 3; *see Dorrello*, 91 M.S.P.R. 535, ¶ 7 (explaining that exceptional circumstances involve OPM's egregious errors or delays—not financial hardship). Therefore, we discern no reason to disturb the administrative judge's finding that the appellant failed to establish her entitlement to a waiver of the overpayment. ID at 10.

We affirm the administrative judge's finding that the appellant failed to establish her entitlement to an adjustment of the recovery schedule, as modified to supplement the administrative judge's analysis.

In determining that the appellant failed to establish her entitlement to an adjustment of the recovery schedule, the administrative judge found that the appellant did not seek a reduction in the scheduled amount of monthly repayment or indicate that financial hardship warranted the reduction of that amount. ID

at 9-10. However, the record reflects that the appellant requested lower installments from OPM, IAF, Tab 5 at 25, and that she raised the issue of her entitlement to an adjustment before the administrative judge, IAF, Tab 6 at 2. Thus, we modify the initial decision to supplement the administrative judge's analysis on this issue as follows.

As properly discussed in the initial decision, an annuitant who is ineligible for a waiver may be entitled to an adjustment in the recovery schedule if she shows that it would cause her financial hardship to make payments at the scheduled rate. ID at 4-5; *see Malone v. Office of Personnel Management*, 113 M.S.P.R. 104, ¶ 4 (2010); 5 C.F.R. § 845.301. Pursuant to OPM's regulations, financial hardship may exist when the annuitant needs substantially all of her income and liquid assets to meet current ordinary and necessary living expenses and liabilities. *Malone*, 113 M.S.P.R. 104, ¶ 4; 5 C.F.R. § 845.304. Here, even considering the appellant's submissions on review together with the record before the administrative judge, we find that the appellant has failed to provide substantial evidence sufficient to establish financial hardship. In particular, the appellant has failed to set forth her current income, liquid assets, ordinary and necessary living expenses, and liabilities, or otherwise set forth in detail any current circumstances establishing that it would cause her financial hardship to make payments at the scheduled rate. PFR File, Tab 1 at 1-2, 12; IAF, Tab 1 at 9-10, Tab 6 at 2-3.

Accordingly, we affirm the initial decision, as modified.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular

relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of

competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.