## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PATRICK BRYANT,
             Appellant,

        v.

OFFICE OF PERSONNEL
   MANAGEMENT,
             Agency.

DOCKET NUMBER
NY-0842-20-0233-I-1

DATE:  October 2, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Patrick Bryant, Selden, New York, pro se.

Michael Shipley, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

### FINAL ORDER

The Office of Personnel Management (OPM) has filed a petition for review of the initial decision, which vacated and remanded its final decision regarding the calculation of the appellant's Federal Employees' Retirement System (FERS) disability retirement annuity benefits.  For the reasons discussed herein, we

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

GRANT OPM's petition for review, VACATE the initial decision, and AFFIRM OPM's final decision.

## BACKGROUND

On January 7, 2007, OPM approved the appellant's application for disability retirement under FERS. *Bryant v. Office of Personnel Management*, MSPB Docket No. NY-0842-20-0233-I-1, Initial Appeal File (IAF), Tab 9 at 6, 19. Thereafter, on September 7, 2010, the appellant was found eligible for social security disability benefits retroactive to January 5, 2007. *Bryant v. Office of Personnel Management*, MSPB Docket No. NY-0845-14-0268-I-1, Initial Appeal File (0268 IAF), Tab 12 at 17-21. Approximately 3 years later, in October 2013, OPM learned that the appellant had been receiving social security benefits. 0268 IAF, Tab 9 at 35. Accordingly, effective November 1, 2013, OPM began to reduce the appellant's monthly FERS disability annuity payments to offset his social security benefits.[2] *Id*. at 12. On numerous occasions thereafter, the appellant contacted OPM and inquired as to how it was calculating his monthly FERS disability annuity benefits. *E.g.*, IAF, Tab 12 at 26.

On August 13, 2019, OPM issued an initial decision explaining how it had computed the appellant's monthly benefits. IAF, Tab 9 at 17-18. In this decision, OPM explained that, for the first 12 months following the appellant's retirement, it had calculated his monthly annuity by first taking 60% of his average salary and dividing it by 12. *Id*. at 17. It indicated that it had then offset

---

[2] Because the appellant concurrently received social security benefits and FERS disability annuity benefits absent any offset from July 1, 2007, through September 30, 2013, on March 25, 2014, OPM issued a final decision concluding that the appellant had been overpaid in the amount of $81,155.00 and that he was not entitled to a waiver of the overpayment. 0268 IAF, Tab 9 at 6-10. The appellant appealed OPM's March 25, 2014 final decision to the Board, and on December 9, 2015, the administrative judge assigned to the matter issued an initial decision reversing OPM's final decision, concluding that the appellant was entitled to a waiver of the overpayment due to financial hardship. *Bryant v. Office of Personnel Management*, MSPB Docket No. NY-0845-14-0268-I-1, Initial Decision at 2, 13-19 (Dec. 9, 2015). OPM did not file a petition for review of this initial decision.

this amount by 100% of the appellant's monthly social security benefits. *Id*. OPM explained that, following this initial year, it had calculated the appellant's monthly annuity by first taking 40% of his average salary and dividing by 12. *Id*. It had then offset this amount by 60% of the appellant's monthly social security benefits. *Id*. The decision referenced, but did not substantively discuss, the application of a cost-of-living adjustment (COLA) to these calculations. *Id*. at 17-18.

The appellant requested reconsideration of OPM's August 13, 2019 decision, and on July 24, 2020, OPM issued a final decision concluding that the appellant's "FERS annuity was correctly computed" and that he had received "the correct COLAs applied to [his] monthly annuity."[3] IAF, Tab 9 at 6-8. OPM explained that it did not contact the Social Security Administration (SSA) "to get the COLA amount applied to [an annuitant's social security] benefit[s]," and instead had applied only the "FERS COLA" in calculating the appellant's annuity. *Id*. at 7. On September 4, 2020,[4] the appellant appealed OPM's final decision to the Board, arguing that OPM had miscalculated his FERS annuity benefits from 2017 through 2020 by deliberately applying the incorrect COLA, in violation of 5 C.F.R. § 841.703(e)(3). IAF, Tab 1 at 4-5.

---

[3] The appellant filed a previous appeal with the Board of OPM's August 19, 2019 decision, which was subsequently dismissed by the administrative judge assigned to the matter for lack of jurisdiction because OPM had not yet issued a final decision. *Bryant v. Office of Personnel Management*, MSPB Docket No. NY-0845-20-0099-I-1, Initial Decision at 1-2 (Apr. 16, 2020).

[4] OPM's July 24, 2020 final decision explained that the appellant had the right to file a Board appeal within 30 calendar days from the date of its decision, or 30 days from the appellant's receipt of the decision, whichever was later. IAF, Tab 9 at 8. On his initial appeal form, the appellant indicated that he had not received OPM's final decision until August 5, 2020. IAF, Tab 1 at 4. He also provided the envelope in which OPM's final decision was sent, which seemingly indicated that someone had signed for and acknowledged receipt of the same on "8/5/20." *Id*. at 12. The agency did not challenge the appellant's assertion that he did not receive OPM's decision until August 5, 2020; accordingly, we find that the appellant's Board appeal was timely filed.

Following a telephonic hearing on the matter,[5] the administrative judge issued an initial decision vacating OPM's final decision and remanding the matter for recalculation of the appellant's annuity payments. IAF, Tab 18, Initial Decision (ID) at 1, 3. In so doing, she reasoned that "[g]iven OPM's statement that it does not obtain from SSA the COLA amount applied to the social security benefit," OPM had calculated the appellant's monthly annuity benefits absent all "necessary information." ID at 3. Accordingly, she ordered OPM to recalculate the appellant's disability annuity for 2017, 2018, 2019, and 2020, and to issue a new decision. *Id*.

The agency has filed a petition for review, and the appellant has filed a response. Petition for Review (PFR) File, Tabs 1, 3. In its petition, the agency argues that its calculation of the appellant's annuity benefits comports with applicable statutes, regulations, and case law. PFR File, Tab 1 at 4-25.

## DISCUSSION OF ARGUMENTS ON REVIEW

In the initial decision, the administrative judge did not identify any particular mathematical error with OPM's calculation of the appellant's FERS disability retirement annuity benefits; rather, she concluded that OPM's admission that it had not considered the COLA prescribed by SSA necessarily rendered OPM's calculations incorrect. ID at 3. We disagree.

The computation of a FERS disability annuity is governed by 5 U.S.C. § 8452. *Leighton v. Office of Personnel Management*, 529 F.3d 1071, 1073 (Fed. Cir. 2008). This statutory provision provides, in relevant part, that for any month in which an annuitant is entitled to both a FERS disability annuity and a disability insurance benefit under section 223 of the Social Security Act, i.e., social security disability benefits, the annuitant's FERS disability annuity must be reduced by

---

[5] The recording of the March 5, 2021 telephonic hearing was irretrievably lost due to a technical error. Petition for Review File, Tab 4 at 1. However, we find that there are no material facts in dispute and that the dispositive issue in this matter is a question of law. Thus, the loss of the hearing recording is not material to the outcome of this appeal; indeed, neither party has raised any issues associated with the loss of the same.

the annuitant's "assumed disability insurance benefit." 5 U.S.C. § 8452(a)(2)(A). The statute defines "assumed disability insurance benefit" as the appellant's social security disability insurance benefit as adjusted by 5 U.S.C. § 8462(b), i.e., the FERS COLA. 5 U.S.C. § 8452(a)(2)(B)(i)(I)-(II). Therefore, by the plain language of the statute, an annuitant's social security benefits must be adjusted by the FERS COLA, and thus, the COLA prescribed by SSA is not relevant to the calculation. *Id.*; *see Consumer Product Safety Commission v. GTE Sylvania, Inc.*, 447 U.S. 102, 108 (1980) (stating that under the general rule of statutory construction, when the language of a statute is clear and unambiguous, that language is controlling, absent a clearly expressed legislative intention to the contrary).

Therefore, to the extent that the administrative judge agreed with the appellant that OPM violated 5 C.F.R. § 841.703(e)(3) in not considering the COLA prescribed by SSA, such finding is contrary to the plain reading of the statute. ID at 3. Furthermore, although 5 C.F.R. § 841.703(e)(3) provides that "[a]fter the first year [of disability retirement under FERS] both the disability benefit and the social security offset (if any) are increased by COLAs," the provision does not specify which COLA should be applied to an annuitant's social security benefits for purposes of a FERS disability annuity computation. However, another regulatory provision, 5 C.F.R. § 844.302, explicitly provides that, in computing the FERS disability annuity for individuals under the age of 62, social security disability insurance benefits shall be "[a]djusted by each cost-of-living increase effective under 5 U.S.C. 8462(b)." 5 C.F.R. § 844.302(a)(3); ID at 3.

We therefore disagree with the administrative judge's conclusion that OPM's admission that it did not "obtain from SSA the COLA amount applied to the social security benefit" necessarily rendered its calculations incorrect, ID at 3, and we find that the appellant failed to identify any error with OPM's

computation of his FERS disability annuity benefits,[6] IAF, Tab 1 at 4, Tab 9 at 17-20; PFR File, Tab 1 at 19-25. Accordingly, we vacate the initial decision, and we affirm OPM's final decision.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] During the pendency of his appeal before the administrative judge, the appellant filed a motion wherein he sought "to add the 2021 year" to his Board appeal. IAF, Tab 13 at 4. The initial decision, however, did not address this motion. The Board typically has jurisdiction over OPM determinations affecting an appellant's rights under FERS only after OPM has issued a final decision on the matter. *McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). Here, OPM's final decision did not address the appellant's 2021 disability annuity payments, IAF, Tab 9 at 6-8; thus, we find that the appellant's challenges thereto are outside the scope of the Board's jurisdiction. However, the appellant's arguments pertaining to his 2021 annuity payments appear to be the same as those regarding his 2017-2020 payments, and therefore, his arguments regarding his 2021 annuity benefits have been implicitly addressed in this order. IAF, Tab 13 at 4.

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[8]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.